UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: Letter of Request from the District Court
Stara Lubovna, Slovak Republic

Case No. 3:09-mc-20-34MCR

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on the United States of America's Application for an Order Compelling Assistance to a Foreign Tribunal Pursuant to 28 U.S.C. § 1782 (Doc. 4) filed October 5, 2009.

**I.     Background**

On August 4, 2009, the United States of America (the "Government") filed an Application for Appointment of Commissioner (Doc. 1), pursuant to a Letter Rogatory[1] issued by the District Court of Stara Lubovna, Slovak Republic, dated May 9, 2007. (Doc. 4). The Letter Rogatory was entered in accordance with the Convention on Taking Evidence Abroad and requests a blood or DNA sample from Stefan Sipos ("Sipos") in order to determine the paternity of a minor child, born in 1991, to Viera Vilkova in Mytna, Stara Lubovna, Slovak Republic. (Doc. 1-B).

On April 15, 2009, via certified letter, Defendant was advised of the request from the District Court of Stara Lubovna, Slovak Republic and asked to voluntarily provide a blood or DNA sample. (Doc. 4-3). When no response was received, a follow up letter

---

[1] "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 248 (2004) (internal citations omitted).

-1-

was sent on July 1, 2009. (Doc. 4-4). Again, Sipos offered no response. Then, on August 4, 2009, the Government moved to have the undersigned appointed as Commissioner for the purpose of rendering the judicial assistance sought. (Doc. 1). On September 21, 2009, said Motion was granted. (Doc. 3).

On October 5, 2009, the Government filed the instant Application, pursuant to 28 U.S.C. § 1782, for an order compelling Sipos to provide a blood or DNA sample. On October 26, 2009, this Court ordered Sipos to respond to the Government's Application no later than October 30, 2009. (Doc. 5). To date, no response has been filed. Accordingly, this matter is ripe for judicial determination.

## II.    Discussion

The Letter Rogatory in the instant case was entered in accordance with the Convention on Taking Evidence Abroad (the "Convention"), which was entered into force with respect to the United States of America and the former Czechoslovakia on October 7, 1972.[2] The Convention affords each signatory nation the use of the judicial processes of other signatory nations where such assistance is needed, "to facilitate the transmission and execution of Letter of Request and to further the accommodation of the different methods which they use for this purpose." 23 U.S.T. 2555 (1970). Article 9 of the Convention provides, in pertinent part, that "[t]he judicial authority which executes

---

[2]Czechoslovakia was a signatory on the Convention. However, on December 31, 1992, Czechoslovakia ceased to exist and was succeeded by two separate and independent states, the Czech Republic and the Slovak Republic. On or about March 15, 1993, the Slovak Republic declared itself to be bound by the Convention as of January 1, 1993.

a Letter of Request shall apply its own law as to the methods and procedures to be followed."[3] Id.

### A. 28 U.S.C. § 1782

Federal Statute, 28 U.S.C. § 1782 authorizes this Court to order the production of evidence for use in a foreign tribunal. Notably, the legislative history of 28 U.S.C. § 1782 reveals it was drafted to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007). Pursuant to § 1782(a), the undersigned has "authority to grant a request for judicial assistance when the following four requirements are met:"

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d at 1331-32 (internal citations omitted).

Here, § 1782's four statutory requirements are met. First, Sipos resides or can be found in the Middle District of Florida.[4] Second, the request is for evidence, i.e., a

---

[3] Under Article VI of the United States Constitution, treaty provisions, such as this one, are the law of the land and binding upon the courts. See Gandara v. Bennett, 528 F.3d 823, 831 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295 (11th Cir. 2000).

[4] Sipos resides or can be found at 12048 Hidden Hills Drive, Jacksonville, FL 32225-1601. (Doc. 4-3). By Order of this Court (Doc. 6) dated November 3, 2009, the Government supplemented its Application to provide additional information regarding which specific identifying criteria was used to make this determination (Doc. 7). The Court finds the information provided was sufficient.

-3-

blood or DNA sample.  Third, the evidence is for use in a proceeding before a Court of the Slovak Republic and, finally, the application is made by the Slovakian Court, through the United States Attorney's Office.  Therefore, the requirements contained in §1782 have been met.

However, even when the statutory requirements of §1782 have been satisfied, the Court is not required to allow the discovery.  Instead, the Court must consider several factors and exercise its discretion as to whether to permit the discovery.  In re Clerici, 481 F.3d at 1334 (citing, Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264, 124 S.Ct. 2466, 2482-83 (2004)).  These factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d at 1334 (quoting, Intel, 542 U.S. at 264-65, 124 S.Ct. at 2483).

As to the first factor, because Sipos is a party in the foreign proceeding, this factor normally would favor Sipos and suggest that § 1782 assistance is not necessary. See Intel, 542 U.S. at 264, 124 S. Ct. at 2483 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.").  However, here, the first factor does not favor Sipos because he has left the Slovak Republic and the Slovakian Court cannot enforce its order directly while Sipos is in the United States.

Therefore, given the particular factual circumstances, the first factor weighs in favor of the Government.  See In re Clerici, 481 F.3d at 1334-35.

As to the second and third factors, there is nothing in the record that suggests this Court should decline to grant the Government's Application based on the nature of the foreign tribunal or the character of the proceedings in Slovak Republic, or that the Slovakian Court's request is merely an attempt to circumvent foreign proof-gathering restrictions.  Rather, these factors all support a decision to grant the Application given the fact that the foreign tribunal here is the Slovak Republic and the Slovakian Court itself issued the Letter Rogatory requesting assistance due to Sipos' presence in the United States.  See id. at 1335.

Finally, as to the fourth factor--whether the § 1782 request is unduly intrusive–the Court finds that providing a blood or DNA sample is not unduly intrusive.  See In re Letter Rogatory from the Nedenes Dist. Court, Nor., 216 F.R.D. 277 (S.D.N.Y. 2003); In re Letter Rogatory from the Local Court, 154 F.R.D. 196 (N.D. Ill. 1994); In re Letter of Request from the Boras Dist. Court, 153 F.R.D. 31 (E.D.N.Y. 1994); In re Letter of Request from Local Court of Pforzheim, etc., 130 F.R.D. 363 (W.D. Mich. 1989). Therefore, none of the factors provided in Intel favor Sipos.  Accordingly, the Court finds the statutory requirements of §1782 have been satisfied and the Application is due to be granted.

**B.  Federal Rule of Civil Procedure 35**

Pursuant to 28 U.S.C. § 1782, "the document or other thing [shall be] produced, in accordance with the Federal Rules of Civil Procedure."  Pursuant to Rule 35 of the Federal Rules of Civil Procedure, "when the mental or physical condition (including the

blood group) of a party or person … is in controversy … the court … may order the party to submit to a physical or mental evaluation … only on motion for good cause shown …." Fed. R. Civ. P. 35(a).

Here, the requirements of Federal Rule of Civil Procedure 35(a) have been satisfied. Sipos denies he is the father of the minor child and therefore, his physical condition is in controversy. See <u>Nedenes Dist. Court, Nor.</u>, 216 F.R.D. at 280; <u>Boras</u>, 153 F.R.D. at 34; <u>Local Court</u>, 154 F.R.D. at 200; <u>Pforzheim, etc.</u>, 130 F.R.D. at 363. Additionally, because a blood or DNA sample is relevant to a determination of paternity, good cause exists for this Court to order Sipos to provide said evidence. <u>See</u> <u>Id.</u> Accordingly, the Court finds the requirements of Federal Rule of Civil Procedure 35(a) have been satisfied.

**III.    Conclusion**

Here, the Court finds the Government has met the requirements set forth in 28 U.S.C. § 1782 and Federal Rule of Civil Procedure 35.  Additionally, granting the instant Application would promote § 1782's aims by (1) providing an efficient means of assistance to foreign countries, especially considering that the Slovakian Court specifically made the discovery request, and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. See <u>Metallgesellschaft v. Hodapp</u>, 121 F.3d 77, 79 (2d Cir. 1997).[5]

---

[5] The Court recognizes the Government requests a hearing on the matter.  (Doc. 4, p. 9). However, the Court finds a hearing is not required as Sipos has been put on notice of the impending Letter Rogatory on numerous occasions and has had various opportunities to respond. (Docs. 1, 4, 5).  Additionally, given the facts and circumstances of the instant case, argument of the parties is not required.

Accordingly, after due consideration, it is

**ORDERED**:

The United States of America's Application for an Order Compelling Assistance to a Foreign Tribunal Pursuant to 28 U.S.C § 1782 (Doc. 4) is **GRANTED**. Stefan Sipos is ordered to appear at Century Testing Service, 2125 Gilmore Street, Jacksonville, FL 32204, for the purpose of providing a blood or DNA sample.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of November, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

U.S. Attorney (Carter)

Stefan Sipos
12048 Hidden Hills Drive
Jacksonville, FL 32225-1601